UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MATTHEW SCOTT,

              Plaintiff,              **MEMORANDUM AND ORDER**

   -against-                             25-CV-3293 (RER) (JMW)

MELISSA SCOTT, ROBERT MACEDONIO,
MACEDONIO AND DUNCAN LLP,
HON. VALERIE CARTRIGHT, DEBRA
BYRNES,

              Defendants.
----------------------------------------------------------X

**RAMÓN E. REYES, JR., District Judge:**

On June 10, 2025, Plaintiff Matthew Scott, appearing *pro se*, filed this action seeking emergency relief against Defendants "related to New York Supreme Court Suffolk County Case No. 600078-2024." (ECF No. 1.) The Court grants Plaintiff's *in forma pauperis* application filed on July 24, 2025, pursuant to 28 U.S.C. § 1915(a). (ECF No. 9.) As discussed below, the complaint is dismissed with leave to amend by October 23, 2025.

## BACKGROUND

Plaintiff's 315-page complaint, including exhibits, seeks this Court's intervention in the Suffolk County case set forth above, an action for divorce filed by Melissa Scott through her attorney, Robert A. Macedonio of Macedonio and Duncan LLP. (ECF No. 1 at 42-43.) Judge Valerie Cartright is the judge presiding over the divorce action and Debra Byrnes is the attorney for the children. (*Id.* at 3.) Plaintiff seeks damages "in the amount of $4,873,000.00" as well as mandamus relief and injunctive relief (including "the return of Petitioner's parental rights and custody of his children"). (*Id.* at 16.)

1

Plaintiff also seeks emergency relief "staying all proceedings in New York Supreme Court, Suffolk County Case No. 600078-2024 and all related state court actions" and "striking all judgments and orders entered in New York Supreme Court, Suffolk County Case No. 600078-2024," among other relief.  (*Id.* at 15-19.)

On July 17, 2025, the Court denied Plaintiff's motion for a temporary restraining order and preliminary injunction without prejudice to renewal.  (Order dated 7/17/25.)  On July 24, 2025, Plaintiff filed a proposed Order to Show Cause seeking a temporary restraining order and preliminary injunction to, *inter alia*, "stay[] all proceedings in New York Supreme Court, Suffolk County Case No. 600078-2024, including the enforcement of any orders issued therein … ." (ECF No. 7.)  By Order dated July 25, 2025, the Court denied Plaintiff's proposed Order to Show Cause for a preliminary injunction and temporary restraining order.  (ECF No. 10.)

## **STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, when a plaintiff seeks to proceed without paying the filing fee, the Court must dismiss the action if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

## DISCUSSION

### A. Domestic Relations

It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013). Thus, the domestic relations abstention doctrine in federal question cases requires federal courts to abstain from interfering in state cases raising family law or domestic relations issues, *American Airlines, Inc. v. Block*, 905 F.2d 12, 14

(2d Cir. 1990), and the domestic relations exception doctrine applies in diversity cases and is an exception to subject matter jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees."). Here, the claims for which Plaintiff seeks relief, whether under federal question or diversity jurisdiction, and no matter how he attempts to frame them, arise directly from the divorce action, and thus, the Court lacks subject matter jurisdiction over this matter. *See Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019).[1]

    B. *Younger* Abstention

Moreover, to the extent Plaintiff seeks injunctive relief in this ongoing divorce action, this Court cannot, despite Plaintiff's assertions to the contrary, intervene. *Younger v. Harris*, 401 U.S. 37 (1971) (federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances); *see also Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (extending *Younger* to state criminal prosecutions, civil enforcement proceedings and civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts."); *Osuagwu v. Home Point Fin. Corp.*, No. 22-1403, 2023 WL 3335315, at *2 n.1 (2d Cir. May 10, 2023), *cert. denied*, 144 S.Ct. 560 (2024) ("*Younger* abstention applies where, as here a 'federal lawsuit implicates the way that New York courts manage their own divorce and custody proceedings – a subject

---

[1] In addition, the Court cannot grant mandamus relief or relief pursuant to the Federal Rules of Civil Procedure in the underlying divorce action. (ECF No. 1 at 16.) "The federal courts have no general power to compel action by state officials," *see Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988), and the Federal Rules of Civil Procedure apply to *federal* civil actions, not to the state court proceeding at issue here. Furthermore, Plaintiff cannot seek relief under the federal criminal code or have this Court refer this matter for criminal prosecution. (ECF No. 1 at 16-17.)

in which the states have an especially strong interest.'" (citing *Falco v. Justs. of the Matrim. Parts of Sup. Ct. of Suffolk County*, 805 F.3d 425, 427 (2d Cir. 2015)); *Masri v. Liebowitz*, No. 24-cv-1284 (LTS), 2024 WL 1639904, at *6-7 (Apr. 15, 2024) (collecting cases) (applying *Younger* to pending state court child-custody, child-support and/or divorce proceedings). Here, Plaintiff's allegations of purported bad faith, bias and harassment do not rise to the level of the special circumstances necessary to warrant intervention in the pending divorce action.

### C. Anti-Injunction Act

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977). Accordingly, courts in this Circuit have held that the Anti-Injunction Act bars a federal court from enjoining family court proceedings.[2] See *Andreadakis v. Goodstein*, No. 25-cv-3372 (NCM)(CLP), 2025 WL 1769247, at *4-5 (E.D.N.Y. June 26, 2025) (dismissing complaint and denying order to show cause in action seeking federal court's intervention in divorce proceedings); *Lin v. Shim*, No. 25-cv-1367 (JGK), 2025 WL 642249, at *6 (S.D.N.Y. Feb. 27, 2025) (denying order to show cause seeking a preliminary injunction and temporary restraining order seeking federal court's intervention in Family Court action); *Stroutsovsky v. Brik*, No. 23-cv-9364

---

[2] While claims brought pursuant to 42 U.S.C. § 1983 are exempt from the Anti-Injunction Act, Plaintiff has failed to allege a plausible Section 1983 claim as set forth below.

5

(AMD)(LB), 2024 WL 760847, at *2 (E.D.N.Y. Jan. 18, 2024) (remanding to Family Court action seeking to stay ongoing state court proceedings pursuant to Anti-Injunction Act).

### D. Constitutional Claims

Even if the domestic relations abstention and exception doctrines or the *Younger* abstention doctrine do not apply, Plaintiff's complaint alleging constitutional violations cannot proceed against Defendants for the reasons set forth below. Section 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. This statute "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal citation omitted). In order to maintain a Section 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Id.* at 127.

Notwithstanding Plaintiff's allegations to the contrary, the complaint cannot proceed against Judge Valerie Cartright for her role and actions taken in presiding over the divorce action. Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quoting *Stump*, 435 U.S. at 356). Therefore, the complaint against Judge Cartright, seeking damages and injunctive relief, is foreclosed by absolute immunity and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In addition, the complaint cannot proceed against Melissa Scott, the mother of his children and estranged spouse, her attorney Robert Macedonio, the law firm of Macedonio and Duncan LLP, or Debra Byrnes, the attorney for the children, as they are all private parties. "Under § 1983, constitutional torts are only actionable against state actors or private parties acting under 'color of state law.'" *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Plaintiff does not allege facts to show that Melissa Scott acted under color of state law. Furthermore, attorneys and law firms are not state actors. *McCloud v. Jackson*, 4 F.App'x 7, 9-10 (2d Cir 2001) (defense counsel does not act under color of state law); *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (law guardians or attorneys for the child are not state actors). Therefore, Plaintiff's complaint against these Defendants alleging constitutional violations fails to state a plausible Section 1983 claim and is also dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

## **CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a

claim, and because it seeks damages against a Defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

In light of Plaintiff's *pro se* status and in an abundance of caution, the Court grants Plaintiff until October 30, 2025 to file amended complaint that alleges a basis for the Court's subject matter jurisdiction. If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 25-CV-3293 (RER) (JMW). In the amended complaint, Plaintiff must provide the date and location for each relevant event and provide a short plain statement of the relevant facts supporting each claim against each individual defendant with personal involvement for the acts or omissions giving rise to his claims. Plaintiff should refrain from repeating the same claims from the original complaint or using legal terms and simply state what happened to him, when and where it happened, and who was personally involved in the events giving rise to his claim(s).

The amended complaint shall replace, not supplement, the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. If Plaintiff fails to file an amended complaint within the time allowed or fails to show good cause for an extension of time, the Court shall direct the Clerk of Court to enter judgment and close this case. The amended complaint, if filed, shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a General Complaint form to Plaintiff and to note the mailing on the docket.

Plaintiff may seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by City Bar Justice Center by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Hon. Ramón E. Reyes, Jr.
Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.09.25 17:50:14 -04'00'

_____
RAMÓN E. REYES, JR.
United States District Judge

Dated: September 25, 2025
       Brooklyn, New York